THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
ROMILIO BENÍTEZ LEMES, Defendant and Appellant.

No. CR-67-29.        Decided December 6, 1967.

*A. Burgos Mundo* and *R. Rodríguez Bonohomme* for appellant.
*J. B. Fernández Badillo, Solicitor General,* and *Héctor R.
Orlandi Gómez, Assistant Solicitor General,* for The People.

PER CURIAM: A minor boy 16 years of age found the
key of room 1017 in one of the hallways of Hotel La Concha.
Making use of that key he entered six times in said room,
till he was caught therein the sixth time. The first time
he entered said room it was occupied by Mr. Genaro Cautiño
Laboy and his family. Mr. Cautiño testified that while he
was downstairs in the swimming pool he saw a boy who
was carrying a radio which looked like his, and also his
pocket was very bulky; that he tried to follow him but lost
sight of him. He went up to his room, and found everything
messed up, and his radio and jewelry worth more than $1000
were missing.

On the second occasion that the boy entered, room 1017
was occupied by an American lady whose name was Bette
Levine. By stipulation of the defense and the prosecuting
attorney the sworn testimony of this lady was admitted in

evidence, and it was read to the jury, to the effect that on September 11, 1965, she occupied room 1017 of Hotel La Concha, and when she returned to her room she found a golden watch missing and a bracelet worth approximately $300.

· The boy who committed the thefts testified in the proceeding, and said that he had sold the jewelry stolen from Mr. Cautiño to appellant for the amount of $15, and soon afterwards he sold the jewelry stolen from Mrs. Levine to this appellant for $25.00. This sale took place on· a bench of the Plaza de Colón in San Juan. Appellant was convicted by the jury after being accused of purchasing stolen goods, § 438 of the Penal Code.

. On appeal he assigns, as the only error, the fact that the court should have given instructions on the violation of § 438 of the Penal Code as a misdemeanor.

· ■ The error was not committed. The evidence of the People revealed in an undisputed manner that the stolen goods were worth more than $50. However, because of the nature of the jewelry stolen, as described by their owners, and also by the boy who stole them, there is no possibility that they all had a value of less than $50. Under those circumstances, our doctrine is clear to the effect that it was unnecessary to give instructions on the misdemeanor of § 438, which covers the cases in which an article purchased under the circumstances stipulated therein is worth less than $50 because there is no direct evidence or because of a reasonable implication of this lesser value.

■ The trial court imposed on appellant in each case the indeterminate sentences of from 3 to 7 years in the penitentiary. Although appellant does not raise the question, § 438 of the Penal Code imposes imprisonment in the penitentiary for a term not exceeding five years where the value of said property is $50 or more.

The judgments will be modified to adjust them to the maximum of 5 years provided by law, and as thus modified, they will be affirmed.

Mr. Justice Belaval did not participate herein.